UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 9, 2006
Decided December 14, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2048

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 3:05-CR-30079-JES-BGC |
| DELBERT E. MARSHALL, *Defendant-Appellant.* | Jeanne E. Scott, *Judge.* |

**O R D E R**

Delbert Marshall pleaded guilty to multiple drug and firearms offenses in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860, and 18 U.S.C. §§ 922(g) and 924(c). Marshall argues that the district court erred by crediting unreliable hearsay statements in calculating the amount of crack cocaine attributable to him for sentencing purposes and by refusing to grant a three-point reduction for acceptance of responsibility. We affirm the district court's judgment.

Marshall was arrested after selling cocaine and crack cocaine to Terry Newman in four controlled buys during August 2005. Newman was Marshall's uncle and a confidential informant for the Bureau of Alcohol, Tobacco and Firearms. Marshall pleaded guilty to all six counts of the indictment: (1) distribution of cocaine; (2) distribution of crack cocaine; (3) distribution of crack cocaine within

1,000 feet of a school; (4) possession of cocaine and crack cocaine with intent to distribute within 1,000 feet of a school; (5) felon in possession of a firearm; and (6) possession of a firearm in furtherance of a drug trafficking crime. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 860; 18 U.S.C. §§ 922(g), 924(c). For sentencing purposes, the drugs from the four controlled buys, coupled with the drug amounts from Marshall's prior relevant conduct, totaled 2.01 kilograms of crack cocaine and 6.6 kilograms of cocaine. Based on Marshall's total offense level of 41 and his criminal history category of VI, the sentencing guidelines range for the four drug offenses was 360 months to life imprisonment. For the two firearms offenses, the guidelines yielded a statutory maximum of 120 months for being a felon in possession, 18 U.S.C. § 924(a)(2), and a statutory minimum of a consecutive 60-month sentence for possession in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced Marshall to concurrent prison terms of 240 months on counts 1 and 2; 360 months each on counts 3 and 4; and 120 months on count 5, plus a consecutive sentence of 60 months on count 6.

Marshall first asserts that the district court erred by relying upon unreliable hearsay statements in calculating the amount of crack cocaine attributed to him as relevant conduct for sentencing purposes. Marshall argues that testimony given by Agent Carpenter of the ATF concerning statements made to him by Terry Newman, the confidential informant, did not have sufficient indicia of reliability to support its probable accuracy. *See* U.S.S.G. § 6A1.3(a). Specifically, Marshall asserts that Agent Carpenter's testimony that Newman told him he observed Marshall selling crack cocaine in 2003 and 2004 is not credible because Newman did not provide specific details about the sales, such as precise dates or names of other witnesses, if any. Also, Newman was in jail during part of the time period when he claimed to witness the sales. Marshall also disputes Newman's credibility because Newman has an extensive criminal record and was in jail when he agreed to cooperate with the ATF in order to get his bond lowered.

A district court's calculation of the drug amount attributable to a defendant is a factual finding that will not be disturbed absent clear error. *United States v. Marty*, 450 F.3d 687, 689–90 (7th Cir. 2006). Because the Federal Rules of Evidence do not apply to sentencing proceedings, the district court may consider evidence that is not otherwise admissible, including hearsay, so long as it possesses sufficient indicia of reliability. *United States v. Johnson*, 227 F.3d 807, 813 (7th Cir. 2000). A sentencing court's credibility determinations are accorded exceptional deference. *Id.*

Here, the district court justified the drug amount based on information in the record and explained why it believed the information to be credible. Specifically, the court attributed two kilograms of crack cocaine to Marshall based on Newman's statement to the ATF that he had observed Marshall selling that amount during the

specified time period, and the fact that there was sufficient time during that period when Newman was not in jail and could have observed the sales. The court explained that it found Newman credible because he was Marshall's uncle and knew him well, and because much of the other information Newman provided had been corroborated by the ATF, including Marshall's residence, his cars, his girlfriend, his use of a .45 caliber gun, and his willingness to sell cocaine and crack (including Newman's four controlled buys from Marshall). Contrary to Marshall's assertions, the court was entitled to credit Newman's statements despite his criminal history and cooperation with the government. *See Johnson*, 227 F.3d at 813. Notably, Marshall identifies no facts or evidence that directly contradict any of Newman's statements about the drug quantities he observed. Thus, the district court did not clearly err in relying upon Newman's statements to the ATF.

Marshall also asserts that the district court erred by refusing to grant a three-point reduction for acceptance of responsibility. He argues that he was entitled to the reduction because he showed a clear recognition and acceptance of his responsibility by pleading guilty, he timely notified the authorities of his intent to plead guilty, and he admitted the offenses charged in the indictment.

A district court's findings of fact concerning acceptance of responsibility are also reviewed for clear error. *United States v. Davis*, 442 F.3d 1003, 1009 (7th Cir. 2006). Although a defendant may remain silent with respect to relevant conduct, a defendant "who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 applic. n.1(a); *see also United States v. Leahy*, 464 F.3d 773, 791–92 (7th Cir. 2006). To properly contest findings presented in the presentence report, a defendant must do more than merely deny the information; rather he must present evidence. *United States v. Lister*, 432 F.3d 754, 759–60 (7th Cir. 2005).

The district court here reasonably concluded that Marshall was not entitled to a reduction for acceptance of responsibility because he frivolously denied all relevant conduct contained in the presentence report, choosing instead to admit only the four drug sales set forth in the indictment. Indeed, as the district court observed, while it might not have been frivolous for Marshall to contest certain drug amounts, he had no basis for denying all of the drug sale conduct in its entirety. His insistence that the four drug sales alleged in the indictment were the only ones he ever conducted strained credulity in light of the evidence presented at the sentencing hearing. This evidence included the statements of confidential informant Larry Newman (introduced through Agent Carpenter) and the testimony of Michael Wilson and Robert Poole that they had purchased drugs from Marshall. Marshall mistakenly asserts that he successfully challenged the relevant conduct derived from Poole's testimony. But the record reflects that, while the court

excluded those drug amounts from the relevant conduct calculation because Poole was uncertain about the precise quantities and time frame, the court believed Poole's testimony that he bought cocaine from Marshall. Significantly, Marshall presented no evidence to rebut the drug sales enumerated by Newman, Poole, and Wilson. Accordingly, the district court did not clearly err by refusing to grant a reduction for acceptance of responsibility.

AFFIRMED.